## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CEDRIC RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No.20-450-BAJ-EWD |
| JAMES LEBLANC, in his official capacity; ) | |
| and THE STATE OF LOUISIANA, ) | |
| DEPARTMENT OF PUBLIC SAFETY & ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |

### JOINT NOTICE REGARDING SETTLEMENT NEGOTIATIONS

NOW COME Plaintiff, Cedric Richardson, and Defendants, James LeBlanc, in his official capacity, and Louisiana Department of Public Safety and Corrections ("DPS&C'), through undersigned counsel, who respectfully submit this Joint Notice Regarding Settlement Negotiations pursuant to the Court's October 21, 2020 Notice and Order [R. Doc. 13]. Plaintiff submitted a demand to Defendants on August 24, 2020, which included requests for injunctive and monetary relief.

In November 2020, counsel for Plaintiff was informed by Mr. Richardson that his duty status had been updated to full hobbycraft privileges and that he would be given a hobbycraft box when hobbycraft reopened. Although Defendants had not yet issued a response to Mr. Richardson's demand, in a good faith effort to encourage settlement negotiations, counsel for Plaintiff reduced Mr. Richardson's demand for compensatory damages and attorneys' fees and costs and substantially modified Mr. Richardson's request for injunctive relief.

The Defendants rejected Mr. Richardson's demand, as amended, without making a counteroffer. Counsel for the Plaintiff requested an explanation as to why the Defendants were not making a counteroffer to the Plaintiff.  Counsel for the Defendants explained that the Plaintiff had

been untruthful in connection with his demand for compensatory damages and the Department is disinclined to settle a case with an inmate whose rights were not violated, and who was untruthful in his settlement demand. Counsel for Defendants also stated that another impediment to settlement is that the DPS&C is concerned that settling inmate lawsuits could encourage other inmates to file lawsuits. Plaintiff's counsel denies that Mr. Richardson intentionally lied about the amount of compensatory damages he was entitled to. Instead, Plaintiff's counsel submits that Mr. Richardson a poor historian and/or bad at providing estimates.

Respectfully submitted:

/s/ Emily A. Westermeier
**BIZER & DEREUS, LLC**
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Emily A. Westermeier (LA # 36294)
ewest@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

William Most
Law Office of William Most, L.L.C.
Louisiana Bar No. 36914
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (650) 465-5023
Email: williammost@gmail.com

*Attorneys for Plaintiff*

***AND***

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY: */s/ Phyllis E. Glazer*

**PHYLLIS E. GLAZER (#29878) (Lead Counsel)**
**ASSISTANT ATTORNEY GENERAL**
**Louisiana Dept. of Justice**
**Litigation Division, Civil Rights Section**
1885 North Third Street, 4th Floor
Post Office Box 94005 (70804-9005)
Baton Rouge, Louisiana 70802
Telephone:      225-326-6300
Facsimile:      225-326-6495
E-mail:   glazerp@ag.louisiana.gov