## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

|  |  |
|---|---|
| | * **CIVIL ACTION** |
| **CEDRIC RICHARDSON** | * |
| | * **NO. 20-450-BAJ-EWD** |
| **VERSUS** | * |
| | * **JUDGE BRIAN A. JACKSON** |
| **JAMES LEBLANC, in his official capacity; and** | * |
| **THE STATE OF LOUISIANA, DEPARTMENT** | * **MAGISTRATE JUDGE** |
| **OF PUBLIC SAFETY & CORRECTIONS** | * **ERIN WILDER-DOOMES** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
### MOTION FOR PARTIAL SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

Intentional disregard of an offender's duty status by prison officials may constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution if the violation aggravated any serious medical need of the offender.  See *Phillips v. Stalder*, 100 Fed. Appx. 315 (5th Cir.2004) (citing *Jackson v. Cain*, 864 F.2d 1235, 1246–47 (5th Cir.1989)). "Offenders cannot refuse an assigned duty status."  Doc. 27-6, Plaintiff's Exhibit "A" at ¶5(B).  A violation of an offender's own duty status is a violation of DPSC disciplinary rules.  22 LAC §341(I)(5).

The Plaintiff, offender Cedric Richardson (DOC No. 439344), has had a duty status since May 6, 2013, which either prohibited or limited his access to the hobbyshops at the Louisiana State Penitentiary [LSP] in Angola, Louisiana.  See Doc. 28-6, Defendants' Exhibit 4, at p. 9.  Plaintiff admits at the outset of his Original Complaint that his duty status was issued because of his "injuries and physical limitations[.]" Doc. 1, ¶2.  It is undisputed that, because of his physical condition, the Plaintiff cannot safely engage in all hobbycraft activities.  Lavespere Depo. 26:21-27:6.  The Plaintiff does not articulate which hobbycraft activities he can do, which he has done,

1

or which he wants to do.  For the reasons explained herein, the Plaintiff fails to meet his burden of proving, beyond peradventure, all essential elements of his claims and his Motion for Partial Summary Judgment should be denied.

## I.    GOVERNING LEGAL STANDARDS

### A.  Motion for Summary Judgment

"Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.' " *United States v. Nature's Way Marine, L.L.C.*, 904 F.3d 416, 419 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). "[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.1986) (emphasis in original). All reasonable inferences are drawn in favor of the Defendant, as the nonmoving party, and "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).  See also *Freeman v. Tex. Dep't of Crim. Justice,* 369 F.3d 854, 860 (5th Cir. 2004) (citations omitted) (the non-moving party "cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.").

### B.  The Americans with Disabilities Act and §504 of the Rehabilitation Act

"'The remedies, procedures, and rights available under the Rehabilitation Act parallel those available under the ADA.' Thus, precedent interpreting or applying the ADA applies with equal force to a claim under the RA." *Francois v. Our Lady of the Lake Hosp., Inc.*, 8 F.4th 370, 377 (5th Cir. 2021) (quoting *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020)).

> To show a violation of either statute, a plaintiff must prove "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability."

*Miraglia v. Bd. of Supervisors of Louisiana State Museum*, 901 F.3d 565, 574 (5th Cir. 2018)

(quoting *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (per curiam)).

Plaintiff alleges he has a qualifying disability but does not offer evidence to substantiate the assertion that his condition substantially limits a "major life activity." See 42 U.S.C. §12102(1). "Merely having an impairment does not make one disabled for purposes of the ADA." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 195, 122 S. Ct. 681, 690, 151 L. Ed. 2d 615 (2002), overturned due to legislative action (2009) (citing 42 U.S.C. § 12102(2)(A)). Plaintiff was undisputedly excluded from the hobbyshop. That is the only essential element of his claim, which the Plaintiff proves. Plaintiff alleges he was excluded from the hobbyshop due to his duty status. That fact is undisputed. Plaintiff concludes that excluding him from the hobbyshop due to his duty status violated the ADA. Plaintiff is incorrect. Physicians imposed the limitations on Plaintiff's duty status "due to [his] injuries and physical limitations." Doc. 1, ¶2. Plaintiff was not excluded from any program based on an alleged disability.

## II. PLAINTIFF'S STANDING ARGUMENT CONFUSES THE ISSUES.

Plaintiff alleges he has standing. Doc. 27-1, pp. 7-8. To have Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016). Plaintiff claims he is entitled to declaratory or injunctive relief as well as money damages. Doc. 27-1, pp. 7-8. "[A] plaintiff must demonstrate standing separately for each form of relief

sought." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 396 (5th Cir. 2015) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 185, 120 S.Ct. 693 (2000)).

> Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element [of the standing inquiry] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992). Because Plaintiff filed the Motion for Summary Judgment, it is his burden to prove "beyond peradventure *all* of the essential elements of" his standing to sue. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S.Ct. at 1548 (quoting *Lujan*, 504 U.S., at 560). The Plaintiff avers that he has a right to access the hobbyshop and to participate in all hobbycraft activities. See Doc. 27-1, p. 7 (alleging "Mr. Richardson suffered an injury-in-fact when he was improperly excluded from hobby craft"). To the extent the Plaintiff is claiming he has a right to participate in hobbycraft, no such right exists. See *Lewis* at *36, ¶219 (finding "[p]articipation in hobby craft at LSP is a privilege, not a right […]") (footnotes omitted).

Furthermore, Plaintiff's standing argument depends on his allegedly "documented ability to safely participate in hobby craft activities." Doc. 27-1, p. 8. Even though the burden of proof is Plaintiff's, he does not cite any documents in support of that statement. Nonetheless, uncontested medical evidence establishes that Plaintiff's physical condition justifies limitations on his ability to participate in hobbycraft activities. In particular, Dr. Lavespere testified that the Plaintiff is not medically cleared to do every single activity available to offenders in the hobbyshop. Lavespere Depo. 26:21-27:6. By way of example, Plaintiff's attestation that he can safely do "woodworking"

activities is undercut by Dr. Lavespere's testimony that the Plaintiff cannot safely use power tools. Lavespere Depo. 26:21-27:6.   Because the Plaintiff undeniably cannot safely engage in *all* hobbycraft activities and he has conspicuously failed to identify any particular activity he wants to and is able to do, the Plaintiff has failed to prove that an injunction will actually provide him any remedy. [1]  See *Guy v. LeBlanc*, 400 F. Supp. 3d 536, 545 (M.D. La. 2019) (dismissing with prejudice offender's claim that he was denied access to the rodeo in violation of the ADA when the offender admitted he did not even want to participate in the rodeo).

In summary, Plaintiff has no past or future right to access the hobbyshop or to participate in non-specific hobby craft "activities" and Plaintiff's focus on that purported right is in error.  At the very most, Plaintiff has a legally protected right to an individualized assessment of his physical or mental condition prior to imposition of a "no hobbycraft" restriction on his duty status. *Lewis v. Cain, supra*.[2]  As will be shown below, the Plaintiff is not entitled to recover money damages or injunctive relief for violations of that right but, the right to an individualized assessment is sufficient to confer standing to sue.

### III.    SUMMARY JUDGMENT SHOULD BE ENTERED IN FAVOR OF THE DEFENDANTS ON PLAINTIFF'S ARGUMENT THAT LSP DIRECTIVE 09.036 VIOLATES THE ADA.

This Honorable Court may grant summary judgment in favor of the Defendants after providing notice to the Plaintiff and a reasonable opportunity to respond.  Fed. R. Civ. P. 56(f)(1). Plaintiff moves for partial summary judgment on the question of whether LSP Directive 09.036

---

[1] Along these same lines, the Plaintiff makes an argument about his standing to seek monetary relief because he was denied the ability to make hobby craft sales.  Doc. 27-1, p. 8. However, the Plaintiff does not explain how he made hobby craft sales when he was merely a "helper" to another inmate, what craft he was allegedly selling, and what craft he intends to sell in the future.

[2] Plaintiff alleges, "[t]he Court in *Lewis* actually held that 'thoughtful consideration' of an inmate's medical conditions should be given when the inmate *challenges* his exclusion from hobby craft, not just when his duty status was assigned."  Doc. 30, pp. 5-6 (citing *Lewis*, 15-cv-318 at 77-78).  Plaintiff's incomplete citation to the Ruling in *Lewis* aside, the ruling contains no such holding.  In fact, the *Lewis* ruling states that the medical evaluation is supposed to be conducted before the inmate is allowed to participate in the hobbyshop.  See *Lewis* at *36, fn 394.

violates the ADA.  Doc. 27-1, p. 6.  That question is not properly before this Honorable Court because it is not a claim that was pleaded in Plaintiff's Complaint.  Alternatively, this Honorable Court should deny Plaintiff's Motion and enter partial summary judgment in favor of the Defendants because the Plaintiff offers no evidence whatsoever he was denied access to the hobbyshop because of the directive.  Furthermore, in a class action in which Plaintiff is a class member, Chief Judge Dick entered judgment upholding the directive and finding that it does not violate the ADA.  Plaintiff is therefore barred by the doctrine of res judicata or by the PLRA from seeking to invalidate LSP Directive 09.036.

A.  Plaintiff's Complaint does not contain a challenge to LSP Directive 09.036.

Plaintiff asks this Court to "declare that [LSP] Directive 9.036's 'no hobby craft' rule for disabled inmates with duty statuses facially violates the ADA […]." Doc. 27-1, p. 17. Claims that are not pleaded are not properly before the Court.  *Ibenyenwa v. Wells*, No. 5:18CV68, 2020 WL 2478483, at *14 (E.D. Tex. Feb. 5, 2020), report and recommendation adopted, No. 5:18-CV-68-RWS-CMC, 2020 WL 1226970 (E.D. Tex. Mar. 13, 2020) (citing *Cutrera v. Board of Supervisors of Louisiana State University*, 429 F.3d 108, 115 (5th Cir. 2005); *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1078 n.3 (5th Cir. 1990); *Hebert v. City of Baton Rouge*, civil action no. 15-850, 2019 U.S. Dist. LEXIS 51687, 2019 WL 1387694 (M.D. La., March 27, 2019)).  Summary judgment cannot be entered in Plaintiff's favor on a claim that is not pleaded in his Complaint. See *Fietz v. Southland Nat. Ins. Corp.*, No. CIV. A. 05-64, 2007 WL 4353794, at *3 (W.D. La. Dec. 7, 2007) (citing Fed. R. Civ. P. 3, 7, 8, and 56(c)).  Plaintiff's argument that LSP Directive 09.036 violates the ADA is not a well-pleaded claim in Plaintiff's Complaint and, therefore, is not properly before the Court.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007).  Plaintiff did not plead a claim that LSP Directive 09.036 violates the ADA.   Plaintiff alleged:

> Defendants also use eligibility criteria that tend to screen out people with disabilities. 28 C.F.R. § 35.130(b)(8). Specifically, according to LSP Directive #09.036, an offender is excluded from using the hobbyshop when under medical care and/or treatment requiring a duty status.

Doc. 1, ¶25.  The foregoing was the only mention of the directive in Plaintiff's Complaint.  Plaintiff did not pray for the directive to be enjoined.  See *id* at ¶59.  Plaintiff did not plead any facts showing the directive was applied to him, explaining what 'eligibility criteria' governs admission to the hobbyshop, or how any of that affected *his* ability to access the hobbyshop. To summarize, the above-quoted two sentences did not put the Department of Public Safety and Corrections and its secretary on notice that *this Plaintiff* was claiming that Louisiana State Penitentiary Directive 09.036 violates the Americans with Disabilities Act.  Those two sentences also did not put Defendants on notice that Plaintiff was seeking declaratory and injunctive relief against further enforcement of that directive.  Because the Plaintiff did not plead a claim that LSP Directive 09.036 should be invalidated, he cannot be granted summary judgment on that issue.

B. <u>Alternatively, partial summary judgment should be entered in favor of the Defendants on the argument that LSP Directive 09.036 violates the ADA.</u>

If this Honorable Court decides to adjudicate the merits of Plaintiff's unpled claim regarding the validity of LSP Directive 09.036, then judgment should be entered in favor of the Defendants on the merits of that claim for the reasons explained below.

1. <u>Plaintiff failed to offer any evidence that LSP Directive 09.036 affected his ability to access the hobbyshop.</u>

Plaintiff asks this Court to invalidate LSP Directive 09.036 without offering any evidence that the Directive had any bearing on his exclusion from the hobbyshop. LSP Directive 09.036(A)(4) states, in pertinent part:

> No offender receiving medical care and/or treatment requiring a restriction in the offender's regular duties will be allowed to utilize the hobbyshops, until such time [as] the offender is returned to regular duty without restrictions.

Doc. 27-7, Plaintiff's Exhibit B, p. 2. Plaintiff alleges, "the doctors are not making a reasoned medical decision to add 'no hobby craft' – they are just following the rules laid out in Directive 9.036." Doc. 27-1, p. 15. Plaintiff offers no evidence to support that conclusory statement. See e.g. *Lewis*, 2021 WL 1219988 at *36 (noting Plaintiff C.F.'s medical records and ARP record do not "demonstrate a blanket denial [of his request for access to the hobbyshop] citing only to the general LSP Directive"). Significantly, Plaintiff does not even mention, let alone offer evidence of, the facts and circumstances leading to the imposition of the "no hobbycraft" restriction on his duty status. Doc. 27, 27-1, 27-2. Again, the burden of proof is Plaintiff's.

Furthermore, the Directive is not mentioned in Plaintiff's Request for Accommodation or response thereto. See Doc. 27-9 (Request), Doc. 27-10 (Response to Request). The directive is also not mentioned in Plaintiff's ARP, doc. 28-5, p. 3; the First Step Response to Plaintiff's ARP, *id.* at p. 4; in any of the written statements submitted in connection with the ARP investigation, *id.* at pp. 5-8; or in the Second Step Response to Plaintiff's ARP, Doc. 27-11. Even Plaintiff's Statement of Undisputed Facts contains no assertion that the Plaintiff was excluded from the hobbyshop pursuant to Directive 09.036. Doc. 27-2. The Plaintiff wholly fails to offer any evidence to show that LSP Directive 09.036 had any bearing on his exclusion from the hobbyshop.

The Plaintiff cannot be awarded declaratory or injunctive relief when he was not personally affected by the directive he seeks to declare invalid. All requests for declaratory and injunctive

relief by the Plaintiff, who is and at all times pertinent hereto was a prisoner in custody, are governed by 18 U.S.C. §3626, which states in pertinent part:

> Prospective relief in any civil action with respect to prison conditions[3] shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. §3626(a)(1). Because the Plaintiff's rights were not violated through application of LSP Directive 09.036, the Plaintiff cannot be awarded prospective declaratory or injunctive relief invalidating the Directive. Summary Judgment on the Plaintiff's request to invalidate Directive 09.036 should be granted to the Defendants, not to the Plaintiff.

### 2. Chief Judge Shelly Dick has already found LSP Directive 09.036 does not violate the ADA.

The argument that LSP Directive 09.036 violates the ADA has already been tried and resolved in favor of DPSC. That judgment is binding on the Plaintiff. In *Lewis v. Cain*, No. 3:15-CV-318, 2021 WL 1219988, at *1 (M.D. La. Mar. 31, 2021), "the Court certified a class consisting of 'all inmates who [are] now, or will be in the future, incarcerated at LSP,' and a Subclass of 'all qualified individuals with a disability, as defined by the [Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA")], who are now, or will be in the future, incarcerated at LSP.'" The Plaintiff falls into the definitions of both the class and subclass. The *Lewis* plaintiffs challenged LSP Directive 9.036 on the ground that its limitation on access to hobbyshop for offenders with duty statuses violates the ADA. The *Lewis* plaintiffs argued that a no-hobbycraft duty status, like the one the Plaintiff had, violates the ADA and RA by excluding prisoners with disabilities from

---

[3] "[T]he term 'civil action with respect to prison conditions' means any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison[.]" 18 U.S.C. §3626(g)(2).

participation in LSP's hobbycraft program.  Chief Judge Dick, after a bench trial, found LSP's

policies and practices regarding duty statuses and participation in hobbycraft to <u>not</u> violate the

ADA.  Specifically, the Court found:

> While the evidence presented demonstrates that medical staff are making individualized assessments to determine eligibility to apply for hobby craft, it also demonstrates that a blanket exclusion exists, and an inmate must challenge their classification via ARP to obtain relief. However, the Court finds that the hobby craft privilege is not the same kind of program/activity/service as the others complained of because all inmates, disabled or not, must apply for hobby craft and are screened prior to allowing participation. Further, evidence demonstrates that when a disabled inmate requests to be permitted to participate in hobby craft, LSP providers give thoughtful consideration to the inmate's medical conditions and/or impairments in determining the safety of participation in hobby craft.  [FN 394]
>
> [FN 394. While LSP's requirement that a disabled inmate file an ARP to apply for hobby craft is not the best policy or practice, the Court does not find that it is a violation of the ADA because all inmates at LSP must apply, are subject to screening, and must gain approval before participation is allowed.]

*Lewis*, 2021 WL 1219988, at *36.[4]  In his Memorandum in Support of his Motion for Partial

Summary Judgment, Plaintiff quoted the same quote above, except Plaintiff omitted the footnote.

Doc. 27-1, p. 11. Plaintiff concedes that Chief Judge Dick held that the policy does not violate the

ADA.[5]  *Id*.  Plaintiff also concedes that, in light of Chief Judge Dick's ruling, "to avoid liability

under the ADA, Defendants must show that they considered Mr. Richardson's medical conditions

and determined that he could not safely participate in hobby craft because of his medical conditions

[…]"[6]  *Id*.  Despite the foregoing admission regarding the *Lewis* holding, Plaintiff persists in

arguing that LSP Directive 09.036 violates the ADA.  See Doc. 27-1, p. 13, et seq.

---

[4] Note: Plaintiff offers no evidence that he applied for hobbycraft.  At the time he was excluded from hobbycraft, therefore, he had no proven authority to participate.

[5] Despite admitting on page 11 of his Memorandum that Chief Judge Dick clearly found that Directive 09.036 does not violate the ADA, the Plaintiff later argues that in *Lewis*, the Chief Judge did not make that finding.  On pages 16 and 17 of his Memorandum, Plaintiff states that Chief Judge Dick reached no conclusions about whether Directive 09.036 violates the ADA.   Doc. 27-1, pp. 16-17.  Plaintiff offers no explanation for his dramatically-differing interpretations of Chief Judge Dick's unambiguous ruling.

[6] Plaintiff alleges that the individualized medical determination had to be made "prior to denying his request for accommodation", which merely demanded he be readmitted to the hobbyshop.  Doc. 27-1, p. 11.   The Defendants

Plaintiff is barred by the doctrine of res judicata and by the PLRA from seeking to invalidate LSP Directive 09.036.  "The general rule is that 'a judgment in a class action will bind the absent members of the class,' but there is an exception: 'Due process of law would be violated for the judgment in a class suit to be res judicata to the absent members of a class unless the court applying res judicata can conclude that the class was adequately represented in the first suit.'" *Richardson v. Wells Fargo Bank, N.A.*, 839 F.3d 442, 454 (5th Cir. 2016) (quoting *Gonzales v. Cassidy*, 474 F.2d 67, 74 (5th Cir. 1973); additional citation omitted)). Magistrate Judge Johnson recently explained:

> The *Lewis* class action is one of massive proportions, touching on many aspects of medical care and accommodations, and the remedy phase is to address nearly every facet of medical care at LSP. Thus, an individual cause of action that also includes complaints regarding medical care and accommodations that are subsumed in the class action, is not maintainable. [*See Green v. McKaskle*, 770 F.2d 445, 446-47 (5th Cir. 1985) (finding that individual causes of action that were comparable to those litigated in a class action were not maintainable because the class action was "one of massive proportions...directed at almost every facet of the facilities and the treatment of prisoners in the prisons of Texas.")]. Because Plaintiff brings claims herein that arise from the same common nucleus of operative facts as those claims in *Lewis*, he is barred by the doctrine of res judicata from pursuing his own individual lawsuit that seeks equitable relief within the subject matter of the class action. [*Green,* 770 F.2d at 447]. Though Plaintiff may not proceed herein to seek declaratory and injunctive relief, he may "of course, seek to intervene in the class action and may contend for intervention, or object to the binding effect of a class action judgment, on the ground that [he was] not...adequately represented in the class action." [*Green,* 770 F.2d at 446-47].

*ALIEX PAPPILLION (#182589) v. LOUISIANA DEPT. OF PUBLIC SAFETY AND CORRECTIONS, ET AL.*, No. CV 19-117-SDD-SDJ, 2021 WL 4484992, at *3 (M.D. La. Sept. 3, 2021), report and recommendation adopted sub nom. *Pappillion v. Louisiana Dep't of Pub. Safety & Corr.*, No. CV 19-117-SDD-SDJ, 2021 WL 4480991 (M.D. La. Sept. 29, 2021).  Here, too, the

---

contend that the individualized medical determination had to be made at the time the "no hobbycraft" restriction was included on the offender's duty status.  That minor disagreement is irrelevant to this section of Defendants' argument but, will be analyzed below in connection with the discussion of Plaintiff's medical records and the individualized assessments made of the Plaintiff's complaints and condition in connection with his duty statuses.

Plaintiff falls within the definition of the class and subclass in the *Lewis* class action, and is bringing a claim for prospective relief identical to one brought in the *Lewis* case. The Plaintiff is barred from filing a separate suit challenging Directive 09.036, at this time; his remedy is in the class action.

In addition to the res judicata bar, the PLRA's bar on "malicious" litigation prevents the Plaintiff from litigating the same claim as in the class action in which he is a classmember. "Repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious." *Bailey v. Johnson*, 846 F.2d 1019 (5th Cir.1988). This lawsuit, which is repetitious of claims in the pending class action, may be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i). *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (citing *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989)).

C. <u>Conclusion regarding Plaintiff's request to invalidate LSP Directive 09.036</u>

Plaintiff's request for entry of summary judgment invalidating LSP Directive 09.036 should be denied, and summary judgment should be entered in favor of the Defendants. Plaintiff did not plead a claim that LSP Directive 09.036 violates the ADA and, therefore, Plaintiff is not entitled to a judgment as a matter of law. Additionally, there is no evidence that the Directive had any bearing on the Plaintiff's removal from the hobbyshop. Finally, Chief Judge Dick has upheld the validity of the Directive after it was challenged by a class of disabled offenders housed at LSP, which class includes offender Cedric Richardson. Plaintiff is precluded from bringing another suit challenging that same regulation on the same grounds. For the foregoing reasons, Plaintiff's request to invalidate LSP Directive 09.036 should be denied and judgment on that claim should be entered in favor of the Defendants.

IV.  **PLAINTIFF'S DUTY STATUS WAS ISSUED BY MEDICAL STAFF ON AN INDIVIDUALIZED ASSESSMENT OF HIS SUBJECTIVE COMPLAINTS AND OBJECTIVE MEDICAL CONDITION**

Plaintiff argues, "Defendants violated the ADA because they excluded Mr. Richardson from hobby craft solely on the basis of his disability without any inquiry into whether he could safely participate in hobby craft activities." Doc. 27-1, p. 5.  That is untrue.  Plaintiff was excluded from hobbycraft effective May 6, 2013, when his duty status was amended to include the "no hobbycraft" restriction.  The Plaintiff ignored the restriction and engaged in unidentified[7] hobbycraft activities, but the restriction was already in place.

It is indisputable that the prison officials were justified in removing Plaintiff from the hobbyshop in light of the fact that he had a "no hobbyshop" restriction on his duty status. "Offenders can not [sic] refuse an assigned duty status."  Doc. 27-6, Plaintiff's Exhibit "A" at ¶5(B).  However, the offender can request that his duty status be changed.  See Lavespere Dep. 30:9-14.  Plaintiff made multiple requests for changes to his duty status.  See Doc. 28-3.

Ignoring a prisoner's duty status could subject prison officials to liability. Intentional disregard of an offender's duty status by prison officials may constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution if the violation aggravated any serious medical need of the offender.  See *Phillips v. Stalder*, 100 Fed. Appx. 315 (5th Cir.2004) (citing *Jackson v. Cain*, 864 F.2d 1235, 1246–47 (5th Cir.1989)).   At the time the Plaintiff was removed from the hobbyshop he was not *authorized* to be there because of his duty status.   The relevant question, therefore, is whether the "no hobbyshop" restriction was properly imposed on Plaintiff's duty status.

Dr. Collins issued Plaintiff's permanent duty status on May 6, 2013.  Doc. 27-4 (Lavespere Depo), 8:10-11; 8:21-22.  Dr. Lavespere confirmed that the permanent duty status "says regular

---

[7] Plaintiff conspicuously never states what exactly he did as a "helper" to another offender who had a hobby box.

duty restrictions, Squad A, no kitchen, no hobby craft, no sports, no rodeo, permanent." *Id*. 8:13-

16. Dr. Lavespere summarized Plaintiff's relevant medical history:

> 4/29 of '13 [Plaintiff] makes a sick call complaining of numbness to his left hand and his left arm. He sees Dr. Toce, one of my internal medicine doctors, in clinic in May, May 6th, 2013, and he documents some rodeo injuries and some complaints of pain.· He has chronic neck and shoulder pain, and he has recurrent complaints after the rodeo.

> At this point in time, this offender says he is unable to keep up with the line secondary to all his above complaints of pain.  So Dr. Toce sent him for a duty status review to the medical director who does that, and at that point in time, he recommended a Squad A, no rodeo, which we already went over Squad A.· Dr. Collins added at that time, no kitchen, no hobby crafts, no sports, permanent.· That was when he got his initial duty status, and he probably never would have got that if he wouldn't have been complaining of pain after the rodeo.

Doc. 27-4 18:16-19:10.  Dr. Lavespere explained that "Squad A" is a work duty status that

indicates several restrictions, such as 10 minute breaks every hour, no lifting over 30 pounds, no

using a yo-yo grass cutter; and indicates several acceptable job assignments, such as goose picking,

sweeping, and mopping.  *Id* at 8:25-9:19.

The Plaintiff did not challenge any restrictions placed on his duty status for just over one

year after he was issued the permanent duty status.  Then, on May 20, 2014, **Plaintiff requested**

**a duty status change to allow hobby craft.**  Doc. 27-4 20:20-21; Doc. 28-3, p. 244.  Dr. Lavespere

testified he personally reviewed Plaintiff's request for a duty status change and sent Plaintiff's

request to the clinic for an individualized assessment of Plaintiff's condition in connection with

his request for a duty status review.  Doc. 27-4 p. 21:21-23.  Plaintiff was seen at the clinic on June

10, 2014 by a nurse practitioner, Carla, who documented Plaintiff's complaints as, "chronic

intermittent varying pain of his neck, back, and shoulders and he wants a regular duty."  Doc. 27-

4; Doc. 28-3, p. 243.  After consulting with the doctor, "they opted not to change his duty status."

*Id*. 21:7-8.  To summarize, in 2014, the Plaintiff continued to complain of neck pain, low back

pain and right shoulder pain, but "they can't really find anything wrong with him", Doc. 27-4, p.

21:12-13, and the Plaintiff requested a regular duty status, despite his complaints of pain.  In other words, according to the Plaintiff, the pain was not limiting but, based on his complaints, the doctor decided to keep the hobbycraft restriction, and all of the other restrictions, on his duty status.

Moving forward a few months to March, 2015, Plaintiff complained of pain and tingling in his left hand.  Doc. 27-4, p. 22:2-5.  The doctor suspected carpal tunnel.  *Id* at 22:6-9.  The doctor's suspicion was confirmed shortly thereafter when the Plaintiff was diagnosed by the orthopedic clinic as having carpal tunnel. *Id* at 22:16-18.[8]  Between March of 2015 and December, 2019, the Plaintiff's primary complaint was left wrist pain and numbness associated with the carpal tunnel disorder.  *Id* at pp. 22-26.[9] He did not complain much, if at all, about "chronic pain" in his back, neck or shoulder.  Furthermore, during those four years and nine months, Plaintiff never requested his duty status be reviewed or any of the restrictions thereon be removed.

On December 11, 2019, less than one month *after* the Plaintiff was removed from the hobby shop, and two days after he filed his Emergency ARP, he asked for an amended duty status for side restraints related to the carpal tunnel.  Doc. 27-4, p. 26:8-13; Doc. 28-3, p. 109.   At that time, the Plaintiff did not ask for an amended duty status to allow his participation in the hobbyshop.

Dr. Lavespere summarized the Plaintiff's conditions and the limitations resulting from those conditions in reference to the duty status issued by Dr. Lavespere in July 2020:

> [Y]ou've got a guy with complaints of pain, neck, back, shoulder, but he can still ride in the rodeo. He can still work, but he complains of left hand numbness.· So I gave him a duty status that would keep him out of the hobby craft, keep him away from power tools, keep him from not only hurting himself but hurting others, but allowed him to do a hobby craft where he might be able to perform effectively. So based on that review, that's why I gave him that duty status.

Doc. 27-4, 26:21-27:6.

---

[8] The Plaintiff's medical records show consistent complaints related to carpal tunnel and equally consistent refusals by the Plaintiff to accept the recommended treatment for carpal tunnel.

[9] The instant lawsuit was filed July 13, 2020.

Plaintiff's duty statuses, up to and including the one entered by Dr. Lavespere in July, 2020, were all entered by medical personnel after individualized assessments of the Plaintiff's condition, the limitations posed by his condition, and his subjective complaints. Plaintiff even admitted, at the outset of his Original Complaint, that his permanent duty status was issued "[d]ue to [his] injuries and physical limitations." Doc. 1, ¶2. Therefore, in light of the opinion in *Lewis*, the "no hobbyshop" restriction on Plaintiff's duty status did not violate the ADA or RA. *Lewis*, No. 3:15-CV-318, 2021 WL 1219988, at *59 (holding "it is not a violation of the ADA or RA for the prison's medical staff to properly evaluate and determine, on a[n] individualized basis, that certain programs or activities are unsafe for certain inmates").

## V.   PLAINTIFF FAILED TO PROVE THAT HIS REMOVAL FROM THE HOBBYSHOP PREVENTED HIM FROM ENGAGING IN A HOBBYCRAFT ACTIVITY HE IS QUALIFIED AND ABLE TO PERFORM.

There is a notable **absence** of evidence from the Plaintiff about what hobbycraft activities he wants to perform and his physical ability to perform those activities. The Plaintiff alleges he "worked in the hobbyshop as a helper to another inmate who owned a hobbyshop box." Doc. 27-3, ¶5. The Plaintiff does not offer evidence as to what his work as a helper entailed. Similarly, Plaintiff alleges he "was able to safely participate in hobby craft activities such as making jewelry, woodworking, and leatherworking, despite my disability." *Id.* at ¶6. The Plaintiff does not allege he actually participated in any of those activities, that his work as a helper entailed any of those activities, or even that he wants to do any of those activities. Furthermore, that allegation regarding his ability to "safely participate" is conclusory and belied by medical evidence.

Dr. Lavespere testified, as discussed above, that Plaintiff's condition justifies limitations on his ability to participate in hobbycraft activities. In particular, Dr. Lavespere testified that the Plaintiff is not medically cleared to do every single activity available to offenders in the hobbyshop. Ex. 5 26:21-27:6. By way of example, Plaintiff's attestation that he can safely do

"woodworking" activities is undercut by Dr. Lavespere's testimony that the Plaintiff cannot safely use power tools. Ex. 5 26:21-27:6.

The Plaintiff did not identify a single hobbycraft activity he actually wants to do or prove that he is able to do any of the hobbycraft activities he wants to do.  Correspondingly, Plaintiff failed to prove he was prevented from doing any activity he both can and wanted to do.  Therefore, the Plaintiff failed to meet his burden of proving he is entitled to entry of judgment in his favor. The Plaintiff is not entitled to entry of an injunction giving him relief he does not even want.  See *Guy v. LeBlanc*, 400 F. Supp. 3d 536, 545 (M.D. La. 2019) (entering summary judgment and dismissing with prejudice a claim regarding the Angola Rodeo because the Plaintiff "does not currently wish to participate in the rodeo.")

## VI.   CONCLUSION

Offender Cedric Richardson, was not discriminated against on the basis of any disability. Plaintiff's assertions are largely conclusory and unsubstantiated.  The Plaintiff claims his conditions "substantially limit his ability to lift and bend" but offers no evidence (or explanation) of those alleged limitations.  He claims he "can safely" perform some hobbycraft activities, but does not identify a single hobbycraft activity he *has performed* or one that he can and wants to perform.  Plaintiff claims his exclusion from the hobbyshop was "due to his disability" but, he offers no evidence to support that assertion.  Similarly, Plaintiff alleges the "no hobbycraft" restriction on his duty status was implemented due to policy, rather than after individualized assessment of Plaintiff's complaints and physical condition but, Plaintiff offers no evidence to support that assertion.  "[U]nsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

The undisputed material fact was succinctly written by the Plaintiff in the second paragraph of his Original Complaint, "Due to Mr. Richardson's injuries and physical limitations, he has been assigned permanent duty status."  Doc. 1, ¶2.  Plaintiff's duty stats and *all* restrictions thereon, including the "no hobbyshop" restriction, were imposed after medical personnel evaluated the Plaintiff and performed an individualized assessment of his complaints and physical condition. Plaintiff was excluded from the hobbyshop secondary to medical determination.  The evidence shows the Plaintiff's medical conditions are accommodated by the prison and, particularly, by the medical staff who issue duty statuses.  The Plaintiff's rights under the ADA/RA were not violated, and Plaintiff's Motion for Partial Summary Judgment should be denied.

Respectfully Submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY: *s/Phyllis E. Glazer*
   **Phyllis E. Glazer** (LSBA #29878) (Lead Counsel)
   **Assistant Attorney General**

   **Louisiana Department of Justice**
   Litigation Division, Civil Rights Section
   1885 North Third Street, 4th Floor
   Post Office Box 94005 (70804-9005)
   Baton Rouge, Louisiana 70802
   Telephone: 225-326-6300
   Facsimile: 225-326-6495
   E-mail: GlazerP@ag.louisiana.gov
   *Attorney for the Defendants*