## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CEDRIC RICHARDSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No.20-450-BAJ-EWD |
| JAMES LEBLANC, in his official capacity; and THE STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, | ) ) ) ) ) ) |
| Defendants. | ) |

### PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT

It is undisputed that Mr. Richardson can safely participate in light hobby craft activities.[1] Defendants concede that that Mr. Richardson was completely excluded from the hobby shop.[2] This exclusion from the hobby shop violated Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the rehabilitation Act ("RA") because staff at Louisiana State Penitentiary ("LSP") did not complete an assessment of Mr. Richardson's ability to safely participate in hobby craft activities before denying his request for reasonable accommodation.

Mr. Richardson has standing to obtain injunctive relief to prevent Defendants from excluding him from the hobby shop without assessing whether he can safely participate in hobby craft activities. Mr. Richardson was participating in hobby shop and performing light activities, such as jewelry and leatherworking, until he was kicked out based on his disability. Thereafter, Defendants further violated the ADA/RA by denying his request for accommodation and ARP without assessing Mr. Richardson's ability to safely participate in hobby craft. In addition to

---

[1] R. Doc. 31 at 1; R. Doc. 27-8.
[2] R. Doc. 31 at 3.

1

seeking injunctive relief, Mr. Richardson is also entitled to seek compensatory and nominal damages for Defendants' conduct that violated Title II of the ADA and Section 504 of the RA.

      **A.**    **Mr. Richardson Has Standing to Obtain Injunctive Relief.**

Mr. Richardson seeks injunctive relief to prevent Defendants from violating Title II of the ADA and Section 504 of the RA by denying his requests for reasonable accommodation and excluding him from hobby shop without completing an assessment of whether he can safely participate in hobby craft activities.

In *Lewis v. Cain*, Honorable Judge Dick ordered that the plaintiffs were entitled to injunctive relief for the Louisiana Department of Corrections' failure "to appropriately evaluate and address ADA accommodation requests and disability-related grievances" and for "[m]aintaining blanket exclusionary policies for disabled inmates regarding access to various services, activities, and programs in violation of the ADA," among other deficiencies. No. 15-CV-318, slip op. 122-124 (M.D. La. Mar. 31, 2021). Defendants argue that Mr. Richardson does not have standing to obtain injunctive relief because he has not suffered an injury in fact.[3] However, Defendants admit that Mr. Richardson "has a legally protected right to an individualized assessment of his physical or mental condition prior to the imposition of a 'no hobbycraft' restriction on his duty status."[4] Based on the ruling in *Lewis*, inmates at LSP have standing to obtain injunctive relief when the Louisiana Department of Corrections excludes them from a program, service, or activity, including the hobby shop. That is precisely what Mr. Richardson is seeking to do here.

Defendants next argue that Mr. Richardson has not submitted any documentary proof that he can safely participate in any hobby craft activities and has not identified "any particular activity

---

[3] R. Doc. 31 at 4.
[4] R. Doc. 31 at 5.

he wants and is able to do."[5] To the contrary, Mr. Richardson specifically states in his affidavit that he was able to safely participate in hobby craft activities like making jewelry, leatherworking, and woodworking before he was removed from the hobby shop.[6] Obviously, if Mr. Richardson was actively conducting light hobby shop activities before he was excluded, those are among the activities that he seeks to participate in. Dr. Lavespere reviewed Mr. Richardson's medical records and confirmed that Mr. Richardson could safely participate in light hobby craft activities, such as leatherwork, painting, woodburning, and jewelry.[7] Defendants disregard this evidence and argue that Mr. Richardson has not submitted any proof that he ever actually participated in those activities or "even that he wants to do any of those activities."[8] This argument is contradicted by Mr. Richardson's sworn affidavit and Dr. Lavespere's deposition testimony.

Defendants cite *Guy v. Leblanc*, 400 F. Supp. 3d 536 (M.D. La. 2019), to argue that Mr. Richardson's claim to injunctive relief should be dismissed because he has not established that he actually wants to participate in hobby craft.[9] The plaintiff in *Guy* testified in his deposition that he did not actually want to participate in the prison rodeo. 400 F. Supp. 3d at 545. Here, unlike in *Guy*, Mr. Richardson was actively participating in hobby craft up until he was excluded on November 20, 2019.[10] Shortly thereafter, Mr. Richardson filed a request for reasonable accommodation and ARP requesting that he be permitted back into the hobby shop.[11] When Mr. Richardson's request for accommodation and ARP were denied, he filed this action seeking

---

[5] R. Doc. 31 at 4-5, 16-17.
[6] R. Doc. 27-3 at ¶ 6.
[7] R. Doc. 27-8.
[8] R. Doc. 31 at 16.
[9] R. Doc. 31 at 5.
[10] Richardson Aff. ¶ 7.
[11] Richardson Aff. ¶ 9.

damages and injunctive relief so that he could again participate in hobby craft.[12] Mr. Richardson has clearly demonstrated that he desires to participates in hobby craft activities and has standing to challenge his exclusion from hobby shop based on his disability.

> **B. Mr. Richardson's Request for Reasonable Accommodation Was Denied Without an Assessment of Whether he Could Safely Participate in Hobby Shop.**

The undisputed facts show that Mr. Richardson's medical conditions were not considered when Mr. Falgout denied Mr. Richardson's request for accommodation.[13] Further, after this lawsuit was filed, when Mr. Richardson's medical conditions were finally reviewed in terms of whether he could safely participate in some hobby craft, and at that time Dr. Lavespere changed Mr. Richardson's duty status so he could participate in light hobby craft activities.[14] Clearly, Mr. Richardson's request for accommodation was denied without an assessment of whether he could safely participate in light hobby shop activities, in violation of the ADA/RA.

Defendants claim Mr. Richardson's removal from the hobby shop was justified and that the relevant question is "whether the 'no hobbyshop' restriction was properly imposed on Plaintiff's duty status."[15] To the contrary, the relevant question is whether Defendants completed an individualized assessment of Mr. Richardson's ability to safely participate in hobby craft before denying his request for accommodation and ARP. *Lewis*, No. 15-CV-318 at 77-78. Based on the documents produced in this litigation and the testimony of Mr. Falgout, the answer here is a resounding "no."

Defendants point to the denial of Mr. Richardson's 2014 request to change his duty status as evidence that they conducted an individualized assessment of Mr. Richardson's medical

---

[12] R. Doc. 1 at ¶ 59.
[13] Falgout dep. 13:2-11, 13:19-14:2.
[14] Lavespere dep. 9:20-10:5.
[15] R. Doc. 31 at 13.

4

conditions.[16] However, a review of Mr. Richardson's medical records indicates that his request to change his duty status so that he could participate in hobby craft was denied because it was "against policy."[17] There is no indication that LSP medical providers actually assessed whether Mr. Richardson could safely participate in light hobby craft activities when considering his request to change his duty status in 2014.

Defendants then fault Mr. Richardson for failing to seek an amended duty status in his December 11, 2019 request for side restraints.[18] However, Mr. Richardson had already filed a request for accommodation and an emergency ARP requesting a reasonable accommodation under the ADA so that he could participate in hobby craft.[19] Mr. Richardson's request for accommodation references the ADA, states that he was excluded from hobby shop because of his duty status, and requests a "memo" so that he can go back to the hobby shop.[20] Mr. Richardson was not obligated to request a change to his duty status concurrent with the adjudication of his request for reasonable accommodation and related ARP. Nor was he required to use the use the language "duty status review" in his request for accommodation. The Fifth Circuit held that a person with a disability "need not utter any magic words" to receive the protections of the ADA or to trigger the reasonable accommodation provisions. *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 444 (5th Cir. 2017).

When Dr. Lavespere finally reviewed Mr. Richardson's medical records in July 2020—after this lawsuit was filed—he determined that Mr. Richardson could safely participate in light

---

[16] R. Doc. 31 at 14-15.
[17] R. Doc. 28-3 at 6.
[18] R. Doc. 31 at 15.
[19] R. Doc. 28-3 at 7.
[20] R. Doc. 27-9.

5

hobby craft activities.[21] This illustrates that staff at LSP are not giving thoughtful pre-lawsuit consideration to an inmate's ability to safely participate in hobby craft through the ARP process, a practice that was confirmed in *Guy*. Rather than actually comply with the law, Defendants only sought to accommodate Mr. Richardson when he filed a lawsuit. The Court in *Lewis* anticipated that an inmate should challenge his exclusion from hobby craft through the ARP process, not through litigation in Federal court. Unfortunately, in this case, medical staff at LSP did not review Mr. Richardson's duty status until Defendants were served with the Complaint.[22]

The exclusion of Mr. Richardson from hobby shop based solely on his duty status, without consideration of his ability to safely participate in hobby craft activities, is the precise type of conduct that the Court determined could violate the ADA/RA in *Guy*. Accordingly, Mr. Richardson's motion for partial summary judgment should be granted.

**C.    Mr. Richardson's Argument that Directive 9.036 Facially Violates the ADA.**

The Court in *Lewis v. Cain* evaluated whether Directive 9.036 facially violates the ADA. However, as explained in *Pappillion v. Louisiana Department of Public Safety and Corrections, et al*, Mr. Richardson is still permitted to seek compensatory and nominal damages from Defendants for their discriminatory actions based on Directive 9.036 that violated the ADA/RA. No. 19-117, Slip op. at 7-8. ("Generally, a class action suit seeking only declaratory and injunctive relief does not bar subsequent individual damages claims by class members, even if based on the same events."). Indeed, as to claims for damages impacted by a class action, the Fifth Circuit has recognized an "absolute right" to notice is a minimum requirement of due process. *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 413 (5th Cir. 1998) ("We have held that the absolute right to

---

[21] R. Docs. 4, 5; Lavespere dep. 9:20-10:5.
[22] Dr. Lavespere was approached a day or two before July 17, 2020 to review Mr. Richardson's duty status. Lavespere dep.11:6-23. Defendants were served with the Complaint on July 15, 2020. R. Docs. 4, 5.

6

notice is a minimum requirement of due process in actions involving claims for monetary relief."). Here, Defendants have made no showing that Mr. Richardson was provided notice that the *Lewis v. Cain* action would bar or impact his right to assert a claim for monetary relief.

As argued above, Defendants violated the ADA by denying Mr. Richardson's request for accommodation and ARP without completing an assessment of whether he could safely participate in hobby craft activities. Therefore, Mr. Richardson should be permitted to pursue damages for Defendants' discrimination caused by Directive 9.036.

Defendants contend that Mr. Richardson has not established that he was excluded from hobby shop pursuant to Directive 9.036.[23] Directive 9.036 dictates that "No Offender receiving medical care and/or treatment requiring a restriction in the offender's regular duties will be allowed to utilize the hobbyshops, until such time that the offender is returned to regular duty without restrictions."[24] Mr. Richardson was assigned a duty status that excluded him from hobby shop based on his medical conditions.[25] When Mr. Richardson challenged his exclusion in 2014, his request was denied because it was "against policy."[26] When Mr. Richardson challenged his exclusion from hobby shop in 2019, he was again excluded because of his duty status.[27] When Dr. Lavespere finally reviewed Mr. Richardson's medical records, he determined that Mr. Richardson could participate in light hobby craft activities.[28] Thus, there is no other explanation for Mr. Richardson's exclusion from hobby craft other than Directive 9.036, the policy that excludes inmates with a medical duty status from participation in hobby craft.

---

[23] R. Doc. 31 at 7-9.
[24] R. Doc. 27-7 at 2.
[25] Lavespere dep. 26:21-27:6; R. Doc. 27-8.
[26] R. Doc. 28-3 at 6.
[27] The Second Step ARP specifically references Mr. Richardson's duty status. R. Doc. 27-11.
[28] Lavespere dep. 9:20-10:5.

7

Defendants also fault Mr. Richardson for not specifically referencing Directive 9.036 in his request for accommodation or ARPs.[29] First, Mr. Richardson was not required to specifically cite Directive 9.036 in his request for accommodation or ARP in order to show that he was excluded pursuant to that policy. Second, it is very unlikely that staff at LSP provide inmates with internal policies for the operation of the hobby shop. A simple review of Directive 9.036 shows that it was directed to security supervisors, not inmates at LSP.[30] This policy was blindly applied to Mr. Richardson when his request for accommodation was denied without consideration of his ability to safely participate in hobby craft in violation of the ADA/RA.

### D. Conclusion.

For the reasons set forth above, Plaintiff respectfully requests that the Court grant his motion for partial summary judgment.

Respectfully submitted,

**BIZER & DEREUS, LLC**
*Attorneys for Plaintiff*

/s/ Emily A. Westermeier
ANDREW D. BIZER (LA # 30396)
GARRET S. DEREUS (LA # 35105)
EMILY A. WESTERMEIER (LA # 36294)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email: andrew@bizerlaw.com
        gdereus@bizerlaw.com
        ewest@bizerlaw.com

-AND-

---

[29] R. Doc. 31 at 8.
[30] R. Doc. 27-7.

William Most
Law Office of William Most, L.L.C.
Louisiana Bar No. 36914
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (650) 465-5023
Email: williammost@gmail.com

*Attorneys for Plaintiff*